RECEIVED
BY MAIL

AUG 05 2005

CLERK US DIST COURT
MINNEAPOLIS MN

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Caleb R. Sturge,

        Plaintiff,

v.

Northwest Airlines, Inc.,

        Defendant.

---

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff for his complaint against Defendant states and alleges as follows:

## PRELIMINARY STATMENT

1. Plaintiff brings this action to recover damages and for equitable relief under the provisions of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq., and particularly Section 510 (29 U.S.C. § 1140), to redress his illegal discharge, which was done pretextuallly and with the purpose of interfering with rights to which he would have been entitled under an employee benefit plan and because Plaintiff was exercising his rights under the provisions of an employee benefit plan.

## JURISDICTION

2. Jurisdiction over Plaintiff's claims is conferred on this Court by 29 U.S.C. §§ 1132, 1331 and 1343(a) (4).

## PARTIES

3. Plaintiff is a citizen of the United States and a resident of Austin, Texas. Plaintiff was a pilot employed by Defendant, whose first date of employment was February 17, 1989. At all times relevant to this action, Plaintiff was and is a "participant" in an employee benefit plan sponsored and administered by Defendant as defined by 20

SCANNED
AUG 0 5 2005
U.S. DISTRICT COURT MPLS

U.S.C. § 1102(7). The plan is called the Northwest Airlines Pension Plan for Pilot Employees (hereinafter "NAPPPE" or "the Plan.")

4. Defendant is a corporation with its principal place of business in Minnesota. Defendant is an employer engaged in an industry or activity affecting commerce within the meaning of 29 U.S.C. § 1102(5) and (12). At all time relevant to this complaint, Defendant maintained facilities in Dakota and Hennepin Counties, Minnesota.

5. Defendant is both the "plan sponsor," 29 U.S.C. § 1002(16) (A), and the "plan administrator," 29 U.S.C. § 1002(16) (B), of the NAPPPE.

## THE ERISA PLANS

6. The NAPPPE provides retirement benefits for pilots, and includes special provisions for retirement benefits for medically disabled pilots, which special provisions provide for payment of pension benefits for pilot employees who meet the medical requirements of the plan but who would otherwise not yet be qualified for retirement under the Plan. Also, within the medical disability retirement provisions of NAPPPE, benefits are increased with the pensioner's years of service.

7. The medical disability retirement part of NAPPPE also provides that upon obtaining 15 years of service, employees qualifying for medical disability retirement receive fully paid health insurance for themselves and qualifying family members and higher monthly retirement benefits than for those whose years of service are less than 15 years.

8.  Defendant also has maintained and does maintain policies granting flight pass privileges and benefits for pilots on medical disability retirement and their qualifying family members.

9.  Defendant also has maintained and does maintain policies granting the maintenance and accrual of seniority and the right to return to work of a medically disabled pilot-pensioner if his medical condition sufficiently improves within seven years of retirement.

10. The NAPPPE and Defendant's policies for flight pass privileges and maintenance of seniority and right to return to work are employee benefit plans within the meaning of 29 U.S.C. § 1002(4) and 20 U.S.C. § 1140.

## BACKGROUND TO PLAINTIFF'S CLAIM

11. Plaintiff was hired on February 17, 1989, by Defendant as a pilot. As of October 31, 2003, Plaintiff had credited service with Defendant of 14 years, 7 months, and 14 days, and was 48 years of age.

12. On July 17, 2003, Plaintiff applied for and was granted a paid leave of absence due to his medical condition, to wit: serious back and disc conditions of which Defendant was previously aware.

13. In September 2003 Plaintiff submitted to Defendant an application for benefits under the medical disability provisions of the NAPPPE.

14. On October 31, 2003, one day before Plaintiff first qualified for medical disability retirement benefits under NAPPPE, Defendant discharged Plaintiff, alleging that the discharge was for cause.

3

15. On November 22, 2004, Defendant granted Plaintiff's application for medical disability retirement under NAPPPE, effective October 31, 2003, but limited Plaintiff's benefits because Plaintiff had been discharged for cause. Plaintiff's benefits were reduced because Plaintiff had not worked 15 years as of October 31, 2003. Benefits also did not included customary flight pass privileges, fully paid health insurance for himself and his family nor the right to maintain his seniority and return to work if his medical condition improves.

16. Because of Plaintiff's discharge, he has lost and will continue to lose disability retirement income, fully paid health insurance, pass privileges for himself and his family, maintenance and accrual of seniority, and the right to return to work if his medical condition improves.

## COUNT I – VIOLATION OF ERISA (29 U.S.C. § 1140)

17. Plaintiff re-alleges and incorporates herein ¶¶ 1 -16 of this Complaint.

18. Defendant discharged Plaintiff under the pretext of cause for the purpose of interfering with Plaintiff's attainment of rights to enhanced benefits under NAPPPE and other policies constituting employment benefit plans to which he would have otherwise been entitled if not discharged for cause, contrary to 29 U.S.C. § 1140.

19. Defendant discharged Plaintiff under the pretext of cause for exercising his rights under the medical disability provisions of the NAPPPE, contrary to 29 U.S.C. § 1140.

20. As a direct result of Defendant's illegal discharge of Plaintiff, Plaintiff has lost and will continue to lose income and benefits hereinabove described.

21. Plaintiff has hired an attorney to prosecute his claims herein.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

1. Full legal and equitable relief under ERISA, including reinstatement of his employment status, back pay, restitution and restoration of lost NAPPPE and other employee and retired employee benefits, restoration of Plaintiff's accrued seniority, restoration of Plaintiff's right to continue to accrue seniority, restoration of Plaintiff's right to return to work, and prejudgment interest;

2. Compensatory damages;

3. Attorney fees and costs; and

4. Such other relief as law and equity allow.

Dated: August 3, 2005.

Richard T. Wylie ID#11912X
701 Fourth Avenue South, Suite 500
Minneapolis, MN 55415
612-337-9581
**ATTORNEY FOR PLAINTIFF**

# RICHARD T. WYLIE

*Attorney at Law*
SUITE 500
701 FOURTH AVENUE SOUTH
MINNEAPOLIS, MINNESOTA 55415
(612) 337-9581
(612) 339-0282 (FAX)

RECEIVED BY MAIL

AUG 05 2005

CLERK US DIST COURT
MINNEAPOLIS MN

August 3, 2005

Clerk of U.S. District Court
202 U.S. Courthouse
300 South Fourth Street
Minneapolis, Minnesota 55415

Re:   **Caleb R. Sturge v. Northwest Airlines, Inc.**
      **New Case**

Dear Clerk:

Enclosed please find Complaint in the above new case, together with form of Summons and Civil Cover Sheet. Also enclosed is check for Plaintiff's filing fee of $250.00. Please issue the summons and return to me for service.

Thank you.

Very truly yours,

Richard T. Wylie

/rs
enclosures
cc:   Caleb Sturge