UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 05-1665(DSD/SRN)

Caleb R. Sturge,

    Plaintiff,

v.  **ORDER**

Northwest Airlines, Inc.,

    Defendant.

This matter is before the court on plaintiff's objections[1] to the magistrate judge's February 19, 2010, order denying in part his motion to compel discovery. Based upon a review of the file, record and proceedings herein, and for the following reasons, the court grants in part plaintiff's motion.

**BACKGROUND**

This discovery dispute arises out of the discharge of plaintiff Caleb R. Sturge ("Sturge") by defendant Northwest Airlines, Inc. ("NWA"). Sturge applied for disability benefits in 2003 while on medical leave from his position as an NWA pilot. Subsequently, in October 2003, Sturge was arrested for possession of marijuana, and NWA fired him on October 31, 2003. Sturge would have become eligible for full medical disability retirement

---

[1] The court construes Sturge's "Objection to Magistrate's Order on Motion to Compel Discovery" [Doc. No. 97] as an appeal under 28 U.S.C. § 636(b)(1)(A).

benefits the next day. Sturge filed this action on August 5, 2005, claiming that NWA interfered with his rights under section 510 of the Employee Retirement Income Security Act ("ERISA"). See 29 U.S.C. § 1140.

Sturge seeks discovery to show that his discharge for drug use was pretext for unlawful retaliation. (Pl.'s Obj. 1.) On December 28, 2009, Sturge sought an order compelling NWA to produce documents and information about various individuals and classes of non-party employees since 1990. The magistrate judge granted the motion in part, limiting discovery to those pilots who, since 2000, had grieved their discharge for violating NWA's drug and alcohol policy. The magistrate judge also denied Sturge's request to compel NWA to produce documents concerning non-party William Brewbaker ("Brewbaker"). Sturge objects.

## DISCUSSION

The district court will modify or set aside a magistrate judge's order on a nondispositive issue only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. L.R. 72.2(a). Parties to a dispute may discover "any nonprivileged matter relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The court limits discovery when its burden or expense outweighs its likely benefit. Id. at 26(b)(2)(C)(iii). In employment cases, proof of unlawful discharge

2

by indirect or circumstantial evidence underscores the need for broad discovery. Cf. Sallis v. Univ. of Minn., 408 F.3d 470, 478 (8th Cir. 2005) (citing Onwuka v. Fed. Express Corp., 178 F.R.D. 508, 516 (D. Minn. 2007)). Such evidence, however, implicates the privacy interests of non-party employees, and the court limits discovery to similarly situated employees involved in the practices at issue. See id.; Onwuka, 178 F.R.D. at 516-17; accord Gehring v. Case Corp., 43 F.3d 340, 342 (7th Cir. 1994).

## I. Comparator Employees

The court applies the burden-shifting analysis of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), to claims under § 510 of ERISA. Fitzgerald v. Action, Inc., 521 F.3d 867, 871 (8th Cir. 2008). Under this analysis, Sturge must prove that NWA's proffered reason for his discharge is pretextual by showing that "similarly situated employees who did not engage in the protected activity were more leniently treated." Id. at 872 (citation omitted). "[E]mployees are similarly situated only when they are involved in or accused of the same offense and are disciplined in different ways." Pope v. ESA Servs., Inc., 406 F.3d 1001, 1009 (8th Cir. 2005). Thus, to survive summary judgment, Sturge must show that pilots who did not engage in the protected behavior, but who committed comparably serious violations of NWA's drug and alcohol policy, received discipline other than discharge. See Rogers v. U.S. Bank, N.A., 417 F.3d 845, 853 (8th Cir. 2005).

3

Sturge first objects to the magistrate judge's limitation of the class of comparator employees to those discharged for violating NWA's drug and alcohol policy. The test to determine pretext requires an examination of whether the employer disparately responded to similar employee behavior. Limiting discovery to only those employees who received the same discipline as Sturge prevents him from discovering relevant evidence that might support his claim. See Fed. R. Civ. P. 26(b)(1). Therefore, the court sustains Sturge's objection and determines that the comparator class should be defined by discipline rather than discharge.

Sturge next argues that the magistrate judge's decision to limit discovery to the year 2000 forward – 3 years and 10 months prior to his discharge – is too narrow and arbitrary. The magistrate judge determined that this period "reasonably encompasses the time period most relevant to [Sturge's] claims, balancing [Sturge's] need for that information against [NWA's] burden of production." (Order [Doc. No. 96] 6.) The court finds no reason to disturb the magistrate judge's well-reasoned decision. See Raddatz v. Standard Register Co., 177 F.R.D. 446, 448 (D. Minn. 1997) (limiting discovery to 2 years before discharge and collecting cases applying a similar time range). Therefore, the court overrules this objection. Accordingly, the court determines

4

that the relevant class of comparator employees is all pilots who, since 2000, filed a grievance after NWA disciplined them for violating its drug and alcohol policy.

**II. Brewbaker Documents**

Lastly, Sturge argues that NWA has not produced all documents relating to Brewbaker. Specifically, Sturge requests the court to order NWA to release documents produced under protective order in an unrelated action in the Western District of Washington, <u>Friday v. Nw. Airlines Inc.</u>, No. 2:99-cv-00836. The court, however, will not disturb a protective order imposed by the Western District of Washington. Furthermore, NWA's counsel assures the court that it has finally given Sturge all responsive, non-privileged documents regarding Brewbaker. Therefore, the court overrules Sturge's objection.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. Sturge's objection to the magistrate judge's order limiting discovery to discharged pilots is sustained;

2. Sturge's objection to the magistrate judge's order limiting discovery to the year 2000 forward is overruled;

3. Sturge's request to compel NWA to release documents subject to a protective order in the Western District of Washington is denied; and

4. The court determines that the relevant class of comparator employees is all pilots who, since 2000, filed a grievance after NWA disciplined them for violating its drug and alcohol policy.

Dated: April 13, 2010

                                                     <u>s/David S. Doty</u>
                                                     David S. Doty, Judge
                                                   United States District Court